```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JANET C. ANDERSON,

                Plaintiff,

                                            04-CV-6370T

       v.                                      **DECISION**
                                                **and ORDER**

DIOCESE OF ROCHESTER, ALL SAINTS PARISH,

                Defendant.
_____

## INTRODUCTION

    Plaintiff Janet Anderson ("Anderson") brings this action pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq, ("ADA") and the New York State Human Rights Law claiming that she was discriminated against by the defendant on the basis of her alleged disability.  Specifically, plaintiff claims that she was fired from her employment because she suffers or suffered from a liver disorder which necessitated a liver transplant, and kidney disease requiring dialysis.

    By motion dated October 8, 2004, defendant Diocese of Rochester (the "Diocese") moves for summary judgment against the plaintiff on grounds that the defendant was not plaintiff's employer, and therefore, cannot be held liable to her for employment discrimination. In support of this argument, defendant notes that the plaintiff worked at All Saints Parish, ("All Saints") and therefore All Saints, which is a separate corporate

legal entity, distinct from the Diocese of Rochester, is plaintiff's employer.  Plaintiff opposes the defendant's motion on grounds that the Diocese is either the plaintiff's employer or joint employer.  In the alternative, plaintiff contends that the Diocese may be held liable because All Saints is so closely related to the Diocese and shares an identity of interest with it.

For the reasons set forth below, I find that the defendant was not plaintiff's employer, and therefore may not be held liable to the plaintiff for a claim of employment discrimination.

## BACKGROUND

Plaintiff Janet C. Anderson was hired by St. Mary's Church as a church secretary in May, 1989.  In 1997, Anderson was diagnosed with liver disease, and for much of 1998 and early 1999, was on medical leave, during which time she received a liver transplant. In 2001, St. Mary's, which had previously consolidated operations with other churches in the area, merged with those parishes to become a single corporate entity named All Saints Parish.  Also in 2001, plaintiff was diagnosed with kidney disease, and was required to begin dialysis.

In June, 2003, plaintiff's employment with All Saints was terminated.  Plaintiff alleges that she was told by two of her supervisors that her employment was terminated because of her health condition.  Defendant denies plaintiff's claim and contends that All Saints discontinued plaintiff's employment in an effort to

reduce costs. Moreover, defendant contends that it can not be held liable to the plaintiff because the Diocese was not Anderson's employer. Defendant claims that it neither hired nor fired nor controlled plaintiff's employment, and therefore, it cannot be liable to her.

Plaintiff filed an administrative complaint with the New York State Division of Human Rights in July, 2003. Plaintiff named as the respondent in that action the "Diocese of Rochester, All Saints Parish." The Diocese responded to the administrative complaint by stating, inter alia, that All Saints Parish was the plaintiff's employer. The New York State Division of Human Rights investigated plaintiff's allegations and found no probable cause for the complaint. The EEOC adopted the findings of the New York State Division of Human Rights, and on May 14, 2004, issued to the plaintiff a right to sue letter. Thereafter, plaintiff filed the instant complaint.

## DISCUSSION

I.  Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a

motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

    II.   The Defendant was not Plaintiff's Employer

Defendant contends that it is not liable in this action because it was not the plaintiff's employer.  It is axiomatic that only an employer may be liable for employment discrimination.  In determining whether or not a party is an "employer" for purposes of ADA liability, courts consider: "whether the party had authority to hire or fire the plaintiff, supervise her work or conditions of employment, determine her rate or method of pay, or maintain records of her employment." Bordeau v. Housing Works, Inc., 2001 U.S. Dist. Lexis 5313 at *13 (S.D.N.Y. 2001).

In the instant case, the defendant has set forth evidence that the Diocese: (1) had no authority to hire or fire the plaintiff; (2) did not supervise her work or conditions of employment; (3) did not determine her rate or method of pay; and (4) did not maintain records of her employment.  Based on this evidence, I find that the Diocese was not Anderson's employer.

The plaintiff, however, attempts to raise questions of fact as to whether or not the Diocese was plaintiff's employer by citing numerous church documents, most of which tend to demonstrate that the Catholic Church is a hierarchical organization with the Diocese of Rochester standing above All Saints Parish.  That the Diocese stands organizationally superior to All Saints Parish, (a separate and distinct corporation), however, does not support a finding that the Diocese is plaintiff's employer.  Many spiritual and temporal organizations utilize separate corporate entities organized in a hierarchical form to accomplish the business and goals of the organization.  The use of such a structure does not result in a finding that every corporate entity sitting above the company that employs a worker is also that worker's employer.  Rather, as stated above, courts look to certain indicia of an employee employer relationship, such as who hires and fires the employee; who controls the hours and conditions of employment; and who determines the rate and method of the employee's pay, to determine whether an entity is an employee's employer.  Applying that criteria in this case, no reasonable finder of fact could conclude that the Diocese of Rochester was the plaintiff's employer.

III. <u>The Defendant was not a Co-employer of the Plaintiff</u>

Plaintiff contends that if the Diocese was not her employer, it was at least her co-employer, and therefore may be held liable to her under the ADA.  An employer may be considered a joint or co-

employer where there is evidence that the putative employer "had immediate control over the other [entity]'s employees." NLRB v. Solid Waste Services, Inc., 38 F.3d 93, 94 (2nd Cir. 1994).

Just as there is no evidence that the defendant is the plaintiff's employer, there is no evidence that the defendant is a joint employer of the plaintiff. As stated above, there is no evidence that the Diocese exerted any control over the employees of All Saints Parish. That fact distinguishes this case from the case relied on by the plaintiff, Gargano v. Diocese of Rockville Center, 888 F.Supp. 1274 (S.D.N.Y. 1995). In Gargano, the District Court held that the Catholic Diocese in that case was the joint employer of a teacher who worked at a parish school operated under the auspices of the Diocese. In that case, it was clear that the Diocese ultimately had the right to hire and fire teachers. Gargano, 888 F.Supp. 1274, 1282-83. In the instant case, defendant has presented uncontroverted evidence that it lacked authority to hire or fire the plaintiff, and therefore, I find that the defendant was not Anderson's joint employer.

    IV.   Defendant does not share an Identity of Interest with All Saints Parish

Plaintiff alleges that the Diocese is a proper defendant in this action because it shares an identity of interest with All Saints, and therefore may be jointly liable for any employment discrimination practiced by All Saints. In support of this argument, plaintiff notes that the Diocese was the respondent in

the administrative proceedings brought prior to the commencement of this action, and therefore the Diocese is the proper defendant in this case.

In employment discrimination cases, where the plaintiff is first obligated to file an administrative claim to gain jurisdiction in federal court over a defendant, the "identity of interest" test is typically used to gain jurisdiction over an otherwise proper defendant that was not named in the administrative proceeding. The "identity of interest" test is a remedial rule that allows a court to prevent an injustice where the putative defendant shares such similar interests with the named respondent in the administrative proceedings that allowing the putative defendant to avoid potential liability would work a hardship against the plaintiff. In determining whether or not two parties share an identity of interest, courts consider: (1) whether or not the unnamed respondent could have been identified by reasonable effort to detect that party; (2) whether, under the circumstances of the action, the interests of the unnamed respondent are so similar to the interests of the named respondent that for purposes of conciliation and compliance, it would have been unnecessary to have included the unnamed party in the EEOC proceedings; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the unnamed respondent, and (4) whether the unnamed party represented to the complainant that its

relationship with the complainant existed through the named party. Johnson v. Palma, 931 F.2d 203, 209-210 (2nd Cir. 1991).

In this case, however, the Diocese was a respondent in the underlying action brought by the plaintiff. As such the identity of interest test is inapplicable as a method for invoking jurisdiction over the Diocese. Moreover, during the Administrative proceedings, the Diocese affirmed that it was not plaintiff's employer, and that instead, All Saints employed Anderson. Thus, there is no evidence that the Diocese attempted to deceive plaintiff into thinking that the Diocese, and not All Saints, was her employer. Accordingly I find that the identity of interests test does not apply in this case, and therefore can not be used to attempt to gain jurisdiction over the Diocese.

## CONCLUSION

For the reasons set forth above, I find that the Diocese of Rochester was not plaintiff's employer or joint-employer, and therefore cannot be held liable to her for alleged employment discrimination. Moreover, there is no other legal or equitable basis for holding defendant liable for the alleged actions of plaintiff's employer, All Saints. Accordingly, I grant defendant's motion for summary judgment and dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         June 6, 2005